IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



DEON DAVIS, §
　　　　　　　　　　　　§
　　　Petitioner, §
　　　　　　　　　　　　§
v. § No. 4:16-CV-432-A
　　　　　　　　　　　　§
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
　　　　　　　　　　　　§
　　　Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Deon Davis, a state prisoner confined in the Correctional institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

**I. BACKGROUND**

The state court records reflect that in July 2012 petitioner was indicted in Tarrant County, Texas, Case No. 1285104D, for aggravated robbery with a deadly weapon, a first-degree felony. (02State Habeas R.[1] 55, doc. 18-12.) The indictment also included

---

[1] "02State Habeas R." refers to the state court record of petitioner's state habeas-corpus application No. WR-80,129-02; "04State Habeas R." refers to the state court record of his state habeas-corpus application No. WR-80,129-04.

a habitual-offender notice. (*Id.*) On January 31, 2013, petitioner entered an open plea of guilty to the offense and true to the deadly-weapon allegation and habitual-offender enhancement, and the trial court assessed his punishment at twenty-five years' imprisonment. (*Id.*) On appeal, appellate counsel filed an *Anders* brief asserting that there were no arguable grounds for appeal and a motion to withdraw. (*Id.* at 67.) Petitioner filed a pro se response, but the appellate court agreed that the appeal was wholly frivolous and without merit, granted counsel's motion, and affirmed the trial court's judgment. (*Id.* at 68.) Petitioner also sought post-conviction state habeas relief by filing two state habeas applications challenging his conviction and sentence. The first application was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court and the second was dismissed as a successive application.

## II. ISSUES

In four grounds for relief, petitioner claims the state habeas court-

- made "an erroneous ruling based upon false documents in its claim of subsequent filing";

- "failed to investigate unit mail room for factual finding of contested subsequent filing";

- "was biased [and] failed to adequately adjudicate petitioner's claims that he was denied" his constitutional rights; and

- "was biased [and] failed to adequately adjudicate petitioner's claim of ineffective assistance of

2

counsel."

(Pet. 6-7, doc. 1.)

### III. RULE 5 STATEMENT

Respondent does not believe that the petition is successive but does reserve the right to raise the exhaustion and/or procedural-default defenses in the event the court determines that his claims are cognizable on federal habeas review. (Resp't's Answer 4, doc. 16.)

### IV. DISCUSSION

Respondent asserts that all of petitioner's claims involve alleged defects in the state habeas proceedings, which are not cognizable in federal habeas review. (Resp't's Answer 5-6, doc. 16.) It is well established that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir.), *cert. denied,* 527 U.S. 1056 (1999) (citing cases). *See also Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself." (internal quotation marks and citations omitted)).

Under his first and second grounds, petitioner asserts that he did not file the first state habeas application or authorize "next of friend filing under § 2254" and that the application is

3

a "false document." (Pet. 6, doc. 1; Pet'r's Mem. 2, doc. 2.) He claims that the state habeas court refused to "investigate unit mail room" and conduct a "factual finding hearing" to determine if, in fact, he had filed the document. (Pet'r's Mem. 2, doc. 2.) Clearly, these claims allege infirmities in the state habeas proceedings and are not cognizable on federal review. *See Wiley v. Epps*, 625 F.3d 199, 207 (5th Cir. 2010) (holding complaints about state habeas court's denial of evidentiary hearing not cognizable in federal court).

Under his third and fourth grounds, petitioner claims the state habeas court was biased and failed to adequately adjudicate the claims--*i.e.*, reach the merits of the claims, raised in his second state habeas application by improperly dismissing the application as successive. (Pet. 7, doc. 1; Pet'r's Mem. 8-11.) Clearly, these claims also allege infirmities in the state habeas proceedings and are not cognizable on federal habeas review. Federal habeas relief cannot be had absent the allegation by a petitioner that he has been deprived of some right secured to him by the United States Constitution or the laws of the United States. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The state ruling denying petitioner the opportunity to file further writs of habeas corpus was not a denial of his constitutional rights because the state is under no constitutional obligation to provide post-conviction remedies. *Millard v. Lynaugh*, 810 F.2d

1403, 1410 (5th Cir. 1987).

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied and that a certificate of appealability be, and is hereby denied.

SIGNED December __1__, 2017.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE